UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DAVID SCOTT SCOFIELD<br><br>Defendant. | CASE NO. 2:21-CR-062<br><br>JUDGE MICHAEL H. WATSON |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by and through its counsel of record, hereby submits the following sentencing memorandum to aid the Court in its consideration of sentencing issues in this case. This sentencing memorandum is based upon the attached memorandum of points and authorities, the Presentence Investigation Report ("PSR") in this case, and any further evidence or argument as may be presented at any sentencing hearing in this matter.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail: Brian.Martinez2@usdoj.gov
Elizabeth.Geraghty@usdoj.gov

1

**MEMORANDUM**

I. **BACKGROUND**

On June 29, 2021, a federal Grand Jury returned a three-count Indictment against the defendant, David Scofield ("Scofield"), charging him in Counts One and Three with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and in Count Two with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

On December 15, 2021, Scofield entered a plea of guilty to Count One of the Indictment, consistent with the terms of the plea agreement into which the United States and the defendant entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. As part of the plea agreement, the parties agreed to a binding sentencing range of no less than probation and no more than 24 months of imprisonment. The parties further agreed that Scofield would serve three years of supervised release and be subject to any fine the Court opts to impose.

The Probation Officer calculated Scofield's advisory sentencing range under the United States Sentencing Guidelines ("Guidelines") as 46-57 months of imprisonment, based on a Total Offense Level of 21 and a Criminal History Category of III. The Probation Officer did not identify any grounds for a possible departure, but did note that a deviation may be appropriate in light of the nature of the offense and the defendant's history and characteristics.

The United States has no objections to the PSR. Scofield has lodged two objections. One objection should be sustained and one objection should be overruled.

As set forth below, the United States recommends that the Court accept the parties' binding plea agreement and impose a sentence of 24 months of imprisonment, three years of supervised release, and a fine of $15,000.

## II. LEGAL STANDARD

After *United States v. Booker*, 543 U.S. 220 (2005), district courts should engage in a three-step sentencing procedure. *See* U.S.S.G. § 1B1.1(a)-(c) (outlining the sentencing process). First, the Court should calculate the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). Second, the Court should consider whether a departure from the Guidelines range is appropriate. *Rita v. United States*, 551 U.S. 338, 351 (2007). Third, the Court should consider "all of the [18 U.S.C.] § 3553(a) factors" in deciding what sentence to impose. *Gall*, 552 U.S. at 49–50. Under 18 U.S.C. § 3553, the Court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). *Booker* requires that the sentence a district court imposes be reasonable. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). A sentence within the applicable Guidelines range is deemed presumptively reasonable. *Rita*, 551 U.S. at 347; *United States v. Graham-Wright*, 715 F.3d 598, 604 (6th Cir. 2013); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness.")

## III. ANALYSIS

### A. Sentencing Guidelines Range

The Probation Officer calculated Scofield's Total Offense Level as 21. Due to the defendant's criminal record, he was assigned to Criminal History Category III. The advisory sentencing range in the PSR is 46-57 months of imprisonment.

Scofield has two outstanding objections to the PSR. First, the defendant objects to the

calculation of the Base Offense Level. (*See* PSR ¶¶ 26-28.) He asserts that the Base Offense Level should be 14 instead of 20. The Base Offense Level in the PSR differs from what the parties contemplated in the plea agreement because the Probation Officer determined that Scofield possessed a machine gun and a short-barreled shotgun, as those firearms are defined in 26 U.S.C. § 5845(a), and thus applied U.S.S.G. § 2K2.1(a)(4)(B). Though the Probation Officer's conclusion is correct, the government intends to honor the plea agreement. This objection should be sustained.

Second, Scofield objects to the computation of his criminal history score. Specifically, the defendant contends that his conviction for Contempt of Court in Akron Municipal Court should be excluded from his criminal history score. (*See id.* ¶ 43.) The government concurs with the Probation Officer's decision to assess an additional criminal history point pursuant to U.S.S.G. §§ 4A1.2(c)(1)(A), 4A1.2(k)(1), and 4A1.1(b). This objection should be overruled. However, even if the Court were to sustain this objection, Scofield would have five criminal history points and his Criminal History Category would remain III.

To the extent the Court sustains Scofield's first objection and overrules his second objection, the Total Offense Level would be 15 and the Criminal History Category would be III. This would result in an advisory sentencing range of 24-30 months of imprisonment.

    **B.**    **Possible Departures**

The Probation Officer did not identify a basis for a departure from the applicable Guidelines range. The United States is not seeking a departure in this case.

    **C.**    **Sentencing Factors in 18 U.S.C. § 3553(a)**

In addition to the Guidelines, the Court must consider seven factors in determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the

4

defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Guidelines; (5) the Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The United States submits that careful consideration of these factors supports a sentence of 24 months of imprisonment, which is well below the advisory range in the PSR and at the top of the binding range in the plea agreement.

### 1.  The Nature and Circumstances of the Offense

The facts and circumstances of the instant offense are straightforward. At the time of the offense, Scofield was under the supervision of the Fairfield County Community Control Department following a conviction for Improper Handling of a Firearm in a Motor Vehicle. The defendant's felony conviction disqualified him from possessing firearms and ammunition.

On May 15, 2019, probation officers (assisted by a member of the Fairfield County Sheriff's Office) went to Scofield's residence at 2160 Blue Valley Road SW, Lancaster, Ohio to conduct a home visit. After initially ignoring the officers' knocks on his door and refusing to answer their telephone calls and text messages, Scofield relented and permitted the officers to enter his home. With the defendant's help, the officers opened a large safe and found multiple firearms inside. The officers called agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to the scene to assist. The law enforcement team seized five firearms, three suppressors (*i.e.*, silencers), 6,318 rounds of ammunition, 2,009 bullets, 38,974 primers, two canisters of pepper spray, an expandable baton, and a stun gun. (PSR ¶¶ 13-19, 45.)

### 2.  The History and Characteristics of the Defendant

Scofield's sordid criminal history should give the Court pause. The defendant has a felony

conviction for Improper Handling of a Firearm in a Motor Vehicle that arose from a traffic stop in 2016. During that encounter, Scofield repeatedly refused to comply with police officers' commands, falsely claimed to be a law enforcement officer, and even slapped a female officer's hand when she attempted to unlock his car door. When the officers searched Scofield's vehicle, they found a loaded Glock 23 pistol under the front seat and a polymer knife in a compartment underneath the steering wheel; a police scanner tuned to the officers' frequency below the dashboard; and an AR-15 automatic rifle with two magazines, various other magazines and ammunition, and additional polymer knives in the trunk. (*Id.* ¶ 45.)

This was not an isolated incident. Scofield's conviction for Impersonating a Police Officer in 2015 resulted from him pretending to be a sheriff's deputy and attempting to conduct a traffic stop on a motorist who turned out to be a real Akron police officer. (*Id.* ¶ 42.) When other officers arrived on the scene, they found a loaded magazine in the defendant's pocket as well as two loaded pistols, a rifle, a shotgun, silencers, ammunition, a bullet-proof vest, a fake badge, a SWAT shirt, blue and red lights, and a police radio and scanner in his vehicle. During a search of Scofield's home two days later, police officers found more than 30 firearms (including automatic weapons), 15,000 rounds of ammunition, fake badges, and fake documents suggesting that the defendant was a police officer.[1] These two situations presented great risk to the police officers and anyone else who happened to encounter the defendant on the road.

Scofield's criminal convictions – which also include Obstructing Official Business (twice), Firearms in a Motor Vehicle, and False Information – share a number of common and disturbing

---

[1] *See Man Pleads No Contest to Pretending to be a Cop While Pulling Over a Real Akron Police Officer*, February 9, 2015, https://www.cleveland.com/akron/2015/02/man_pleads_no_contest_to_prete.html (last accessed on September 7, 2022); *Akron Judge Sentences Lancaster Man Who Pretended to be Cop During Traffic Stop of Actual Cop*, March 20, 2015, www.cleveland.com/akron/2015/03/lancaster_man_who_pretended_to.html (last accessed on September 7, 2022).

threads. The defendant's criminal history reveals a man who is consistently deceitful and non-compliant, who has repeatedly and falsely claimed to be a law enforcement officer, and who is often armed with dangerous weapons. When called to account for these offenses, Scofield refused to undergo mental health evaluations and otherwise disregarded judicial orders. (*Id.* ¶¶ 41-45.) Scofield's history of non-compliance culminated with the instant offense, which involved the defendant committing a new crime while on probation. The Court should give considerable weight to the defendant's troubling criminal history when crafting a sentence in this case.

Scofield's personal background provides a modest degree of mitigation. The defendant, who is 58 years old and has lived in Ohio his entire life, did not have a traumatic upbringing. He was "very close with his parents" and lived in a "financially stable" household. (*Id.* ¶¶ 52-53.) Though Scofield's father was an alcoholic, the defendant was not exposed to domestic violence or other abuse. The defendant cared for his ailing mother until a court, concerned about his erratic behavior, revoked his ability to make decisions for her. (*Id.* ¶¶ 53, 64.) Scofield has been in a relationship with his girlfriend for six years. The couple has no children, but they care for the many animals that roam around their residence. (*Id.* ¶¶ 55-57.) The defendant has a college degree in engineering and has worked in the technology field for more than 20 years. He previously held a Federal Firearms License (FFL) and operated a part-time, online-only firearms business called Dave's World.[2] The defendant dabbled in law enforcement and served in a voluntary capacity with various agencies until 2013. (*Id.* ¶¶ 68-73.)

Scofield's denials of any mental health diagnoses notwithstanding, the defendant has issues that further underscore the imperative that he not possess firearms. According to a treating

---

[2] ATF refused to renew Scofield's FFL when it expired in 2019. The defendant challenged this decision through ATF's administrative process. When ATF denied Scofield's FFL, the defendant filed a petition for judicial review in this Court. Chief Judge Marbley upheld ATF's decision and granted summary judgment for the government. *See Scofield v. LeDoux*, No. 2:20-CV-00648, 2021 U.S. Dist. LEXIS 124982 (S.D. Ohio. July 6, 2021).

psychologist, the defendant is "very rigid in nature" and "can get irritated and demanding if he feels he is not being heard or treated appropriately." (*Id.* ¶ 64.) Scofield "challenges most things and can have irrational tendencies or over-react to perceived unfairness." (*Id.*) The defendant has difficulty accepting responsibility and admitting wrongdoing, and he views his pattern of criminal convictions as taking things away from him. (*Id.* ¶¶ 55, 65.)

### 3. The Statutory Purposes of Sentencing

A sentence of 24 months of imprisonment would serve the statutory purposes of sentencing. Such a sentence would reflect the nature and seriousness of Scofield's offense and would be just punishment for his illegal possession of firearms and ammunition while on probation for a prior firearms-related crime. Sentencing the defendant to a meaningful term of incarceration would also provide a measure of deterrence. Because Scofield's previous interactions with the legal system have not dissuaded him from engaging in criminal activity, a custodial sentence is needed in this case to deter him from committing other offenses. Moreover, the recommended sentence would help protect the public from future crimes by Scofield, whose criminal record and dangerous combination of disregard for authority, mental health issues, and affinity for firearms suggest that incapacitation is an important goal. A term of supervised release of three years would allow the Court to monitor the defendant's compliance with the law, ease his re-entry into the community, and give him access to the mental health services he needs.

### 4. The Kinds of Sentences Available and the Sentencing Range

The advisory sentencing range in this case – whether 24-30 months or 46-57 months – is within Zone D of the Sentencing Table. Under U.S.S.G. § 5C1.1(f), a term of imprisonment is required. The government submits that a sentence of 24 months of incarceration is reasonable in this case. With respect to supervised release, the guidelines range is one to three years. *See*

U.S.S.G. § 5D1.2(a)(2).  The parties have agreed to a three-year term of supervised release.  The fine range for this offense is $7,500-$75,000 (if the defendant's first objection is sustained) or $15,000-$150,000 (if the defendant's first objection is overruled).  *See* U.S.S.G. § 5E1.2(c)(3).  The government believes that a fine of $15,000 is consistent with the factors enumerated in U.S.S.G. § 5E1.2(d) and with Scofield's financial condition.  As noted in the PSR, the defendant has a positive monthly cash flow of $5,730 and a net worth of $128,604.  (PSR ¶ 76.)

### 5. The Sentencing Guidelines Policy Statements

There are no policy statements that the United States wishes to highlight in this case.

### 6. The Need to Avoid Unwarranted Sentencing Disparities

A sentence of 24 months of imprisonment would be within both the applicable Guidelines range and the range in the parties' binding plea agreement, consistent with the seriousness that Congress has ascribed to the charged firearms offense, and appropriate given the facts and circumstances of this case.  Therefore, the sentence that the United States is recommending would avoid unwarranted sentencing disparities.  *See United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2018) ("Considering that one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of [uniform] sentencing practices.").

### 7. The Need to Provide Restitution

The United States is not seeking restitution in this case.

## IV. CONCLUSION

For the foregoing reasons, the United States submits that a sentence of 24 months of imprisonment, a term of supervised release of three years, and a fine of $15,000 is sufficient, but not greater than necessary, to satisfy the goals of sentencing.  Accordingly, the government

respectfully requests that the Court accept the parties' binding plea agreement and adopt the recommendation set forth in this memorandum as reasonable and appropriate in this case.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney


s/Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorneys
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail:  Brian.Martinez2@usdoj.gov
         Elizabeth.Geraghty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 7th day of September 2022, electronically upon Samuel Shamansky, counsel of record for the defendant.

s/Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
Assistant United States Attorney
