# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:21-CR-062 |
| v. | : | JUDGE MICHAEL H. WATSON |
| DAVID S. SCOFIELD | : | |
| Defendant. | : | |

## SENTENCING MEMORANDUM

Defendant, David S. Scofield, through undersigned counsel, respectfully submits the following Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY CO., L.P.A.
Ohio Supreme Court No. (0030772)
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Defendant

**MEMORANDUM**

On December 15, 2021, pursuant to a written plea agreement, David Scofield entered a plea of guilty to Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The Court accepted his plea, found him guilty, and ordered a presentence investigation. The matter is currently set for sentencing on Wednesday, September 14, 2022.

Defendant acknowledges that Probation Officer Kristin M. Clark has provided a thorough rendition of the factual and procedural background of the case and that her report identifies a forty-six-to-fifty-seven-month guideline imprisonment range. Mr. Scofield further appreciates Ms. Clark's recommendation that his offense level be reduced by three points for acceptance of responsibility based on timely notification of his intention to plead guilty. In light of the factual circumstances of this case, however, Defendant submits that a period of probation would provide a just and reasonable punishment. Mr. Scofield respectfully asks the Court to consider the following factors in determining an appropriate sentence.

**Application of 18 U.S.C. § 3553 Sentencing Factors**

In defining "reasonableness," Congress has directed that criminal sentences achieve four purposes: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in an effective manner. *See* 18 U.S.C. § 3553(a)(2). In addition, § 3553 requires a sentencing court to consider "the need to avoid unwanted sentence disparity among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). Moreover, § 3553 provides that the sentence shall be "no greater than necessary . . . to comply with the purposes of punishment . .

." 18 U.S.C. § 3553(a).

In the case *sub judice* and pursuant to the analysis under *United States v. Booker*, 543 U.S. 220 (2005) and § 3553, three considerations warrant the imposition of a sentence less than the guideline recommendation in this case: (1) Mr. Scofield's history and personal characteristics, §3553(a)(1); (2) the need for the sentence imposed to reflect the seriousness of the crime and to provide just punishment for the offense, § 3553(a)(2)(A); and (3) the requisite that the sentence imposed afford adequate deterrence and protects the public from future crimes committed by the defendant, § 3553(a)(2)(B)&(C).

### Defendant's History and Personal Characteristics - § 3553(a)(1)

As reflected by his plea of guilty, Mr. Scofield acknowledges the serious nature of his conduct and has accepted complete responsibility for the same. He has complied with the criminal justice system and recognizes that he cannot legally possess a firearm in any manner because of his criminal record. As such, Mr. Scofield assures the Court that his conduct will never be repeated.

Furthermore, Defendant's history and personal characteristics demonstrate that a term of probation is appropriate in this matter. Mr. Scofield was born in Warren, Ohio, on August 4, 1964. As described in the presentence report, Defendant's upbringing was positive and devoid of abuse or neglect in the home. Growing up, he maintained an incredibly close relationship with his parents. When Mr. Scofield's mother became ill, he moved into the family home to act as her primary caregiver.

From 1993 to 2019, Mr. Scofield was a licensed firearms dealer and operated his own company, Dave's World. Simultaneously, from 1997 to 2019, he operated DWCC, a technology support company that offered services to local small businesses. Over the years, Mr. Scofield was also employed as a part-time reserve deputy for several law enforcement agencies, including the

3

Fairfield County Sherriff's Office, Athens County Sherriff's Office, and Vinton County Sherriff's Office. Defendant greatly enjoyed these positions, as they offered him the opportunity to serve and protect his community. However, he was forced to discontinue his employment in law enforcement after being convicted of a firearm offense in 2014. Specifically, Mr. Scofield acknowledges that he has had previous contact with the criminal justice system, including prior convictions for Obstructing Official Business, Impersonating an Officer, and Improper Handling.

With regard to the instant offense, Mr. Scofield understands that he broke the law by owning a firearm as a felon under disability. He has taken time to reflect upon his actions and their consequences during the pendency of this matter. He has no interest in future criminal behavior and recognizes that steady employment outside the firearm industry is essential to ensuring the same. As such, should he be granted probation, Mr. Scofield intends to continue working as a support technician at H.C.L. Technologies and to maintain his regular mental health counseling. As reflected by two letters of support, authored by Tillman A. Bauknight, II, and Dr. John H. Mason, respectively, Mr. Scofield has proved himself to be an invaluable employee who is fully engaged in the therapeutic process. A copy of these letters will be provided independently for the Court's review.

Defendant is extremely fortunate to have the full support of his family. Although his parents have passed away, Mr. Scofield remains close with his two older siblings. Additionally, Defendant has maintained a long-term relationship with his girlfriend, Elena Larue, for the past six years. Mr. Scofield's siblings and partner understand the seriousness of his illegal behavior and make no excuses for the same. While they all love and support Defendant, they do not condone his actions and have urged him to take full responsibility for his conduct. They are pleased with Mr. Scofield's progress and are encouraged by his consistent attendance and participation at

weekly counseling sessions over the past three years. These individuals have witnessed Mr. Scofield's substantial personal growth throughout the pendency of this matter and believe that he is committed to leading a law-abiding lifestyle.

### Need for the Sentence to Reflect the Seriousness of the Crime, Promote Respect for the Law, Provide Just Punishment, Deter Criminal Conduct, and Protect the Public - § 3553(a)(2)

Defendant recognizes that possessing a firearm while under disability is a serious offense. He also appreciates that it is a crime for which the Sentencing Guidelines recommend a term of incarceration. However, without minimizing his conduct or its impact, Defendant respectfully submits that a prison term is not necessary to deter him from future criminal behavior, nor is it essential to protect the public.

As an initial matter, Mr. Scofield's most recent prior offense took place approximately six years ago. Though his prior offenses collectively result in a criminal history score of six, none of those offenses, nor the instant matter, involved any violence or risk of harm to any person.

Mr. Scofield acknowledges that he has had a long-standing personal and business interest in firearms. Following his most recent conviction, Defendant struggled with how best to dispose of the firearms at issue in this case. Though he now recognizes it as an unlawful decision, he mistakenly believed at the time that maintaining the firearms in a locked safe that required two-factor authentication, and to which he did not have a key, deprived him of effective possession. Mr. Scofield now understands that he cannot own or possess any firearms in any manner under any circumstances. He deeply regrets that his conduct has put him back in contact with the criminal justice system, and hopes that his acceptance of responsibility and engagement with mental health counseling adequately demonstrate his commitment to avoiding future violations of law.

Notably, despite his offense, Mr. Scofield has always maintained a great deal of respect for

the law and worked to promote the same. The instant conduct, while concerning, was not associated with any other criminal endeavor nor did it create a risk of harm. Defendant has surrendered all firearms and has no intention of purchasing or owning any firearms in the future.

Given the aforementioned circumstances, Defendant respectfully submits that he is not a danger to himself or his community. Accordingly, and in light of his genuine remorse and earnest efforts at counseling, the imposition of a term of incarceration in this matter would be unnecessary to further the ends of justice. Mr. Scofield fully appreciates the government's interest in regulating firearms, particularly when it comes to individuals with felony convictions, and does not mean to minimize that interest or his conduct in any way. Rather, he merely submits that the specific circumstances of this case weigh heavily in favor of a term of probation. Mr. Scofield has faith that the Court will consider these circumstances and render a decision that is fair.

Accordingly, based on the foregoing, Defendant respectfully submits that a term of probation will adequately reflect the seriousness of his offense, punish his conduct, and deter similar behavior in the future.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY CO., L.P.A.
Ohio Supreme Court No. (0030772)
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax
shamanskyco@gmail.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF

system, which will send notification of such filing to Assistant United States Attorney Elizabeth Geraghty, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215 on September 12, 2022.

/s/ Samuel H. Shamansky
SAMUEL H. SHAMANSKY